JS 44　(Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HARRY COSTELLO and KATHLEEN COSTELLO

## DEFENDANTS

ALIX A. JAMES, et al.

**(b)** County of Residence of First Listed Plaintiff　Ocean County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

MARZZACCO INJURY LAW, 945 E. PARK DRIVE, SUITE 103, HARRISBURG, PA 17111; 717-231-1640

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1　U.S. Government<br>　　Plaintiff | ☐ 3　Federal Question<br>　　*(U.S. Government Not a Party)* |
| ☐ 2　U.S. Government<br>　　Defendant | ☒ 4　Diversity<br>　　*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*　　　　　　　　　　　*and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>　& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>　Student Loans<br>　(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>　of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>　Liability<br>☐ 320 Assault, Libel &<br>　Slander<br>☐ 330 Federal Employers'<br>　Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>　Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>　Product Liability<br>☐ 360 Other Personal<br>　Injury<br>☐ 362 Personal Injury -<br>　Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>　Product Liability<br>☐ 367 Health Care/<br>　Pharmaceutical<br>　Personal Injury<br>　Product Liability<br>☐ 368 Asbestos Personal<br>　Injury Product<br>　Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>　Property Damage<br>☐ 385 Property Damage<br>　Product Liability | ☐ 625 Drug Related Seizure<br>　of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>　28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>　New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>　Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>　3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>　Corrupt Organizations<br>☐ 480 Consumer Credit<br>　(15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>　Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>　Accommodations<br>☐ 445 Amer. w/Disabilities -<br>　Employment<br>☐ 446 Amer. w/Disabilities -<br>　Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>　Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>　Conditions of<br>　Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>　Act<br>☐ 720 Labor/Management<br>　Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>　Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>　Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>　Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>　or Defendant)<br>☐ 871 IRS—Third Party<br>　26 USC 7609 | ☐ 850 Securities/Commodities/<br>　Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>　Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>　Act/Review or Appeal of<br>　Agency Decision<br>☐ 950 Constitutionality of<br>　State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original<br>　Proceeding | ☐ 2 Removed from<br>　State Court | ☐ 3 Remanded from<br>　Appellate Court | ☐ 4 Reinstated or<br>　Reopened | ☐ 5 Transferred from<br>　Another District<br>　*(specify)* | ☐ 6 Multidistrict<br>　Litigation -<br>　Transfer |
| | | | | | ☐ 8 Multidistrict<br>　Litigation -<br>　Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
NEGLIGENCE - MOTORCYCLE V. MOTOR VEHICLE COLLISION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
EXCEEDING $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**　☒ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____　DOCKET NUMBER _____

DATE
03/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lancaster County, Pennsylvania _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**MARZZACCO INJURY LAW**
BY:    CHRISTOPHER J. MARZZACCO, ESQUIRE
Attorney ID. No. 78262
945 East Park Drive, Suite 103
Harrisburg, PA 17111
(717) 231-1640
cmarzzacco@klnivenlaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY M. COSTELLO, individually, and KATHLEEN COSTELLO, as wife and husband, Plaintiffs | : : : : : | **NO.** |
| v. | : : : | **CIVIL ACTION** |
| ALIX A. JAMES, JOHN DOES (1-10) and ABC CORPORATION (1-10) / XYZ LLC (1-10) Defendants. | : : : : : | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW come Plaintiffs, Harry M. Costello and Kathleen Costello, by and through their attorney, Christopher J. Marzzacco, Esquire of Marzzacco Injury Law, and hereby state the following against the above-named Defendants:

## PARTIES

1.    Plaintiff Harry M. Costello is an adult individual residing at 136 Windward Avenue, Beachwood Township, Ocean County, New Jersey.  He is a citizen of the state of New Jersey.

1

2.     Plaintiff Kathleen "Kathy" Costello is an adult individual residing at 136 Windward Avenue, Beachwood Township, Ocean County, New Jersey. She is a citizen of the state of New Jersey.

3.     Defendant Alix A. James is an adult individual residing at 4 Arrow Lane, Chadds Ford, Delaware County, Pennsylvania. Defendant is a citizen of the Commonwealth of Pennsylvania.

4.     At all relevant times, Defendant Alix A. James was acting individually and/or as the agent, servant, employee, or representative of one or more individuals or entities presently unknown, and within the course and scope of such agency or employment.

5.     To the extent that any other person or entity is determined to have owned, controlled, entrusted, or been responsible for the vehicle operated by Defendant, such person or entity is vicariously liable for the acts and omissions of Defendant.

6.     Plaintiffs are presently unaware of the identities of certain individuals and/or entities who may have contributed to the occurrence of the collision described herein. Plaintiffs therefore name as defendants John Doe (1-10) and/or ABC Corporation (1-10) / XYZ, LLC (1-10), individuals or entities whose identities are presently unknown but who may be liable for the damages suffered by Plaintiffs.

2

Plaintiffs will amend this Complaint to identify such parties when their identities become known.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this Action under 28 U.S.C. § 1332, as this matter is between citizens of different states and the matter in controversy exceeds the sum value of $75,000.00, exclusive of interests and costs.

8. Plaintiffs are citizens of the State of New Jersey and reside in Ocean County, New Jersey.

9. Defendant is a citizen of the Commonwealth of Pennsylvania residing in Chadds Ford Township, Delaware County, Pennsylvania.

10. Venue is appropriate in the Federal District Court for the Eastern District of Pennsylvania pursuant to 28 USC § 1391(b)(1).

## FACTS

11. This action arises from a catastrophic motorcycle collision that occurred on June 23, 2025, in Lancaster County, Pennsylvania.

12. On said date, Plaintiff Harry Costello was operating a motorcycle traveling southbound on Georgetown Road in Colerain Township, Lancaster County, Pennsylvania.

13. At all times relevant hereto, Plaintiff Harry Costello was lawfully operating his motorcycle within the southbound lane of Georgetown Road and

3

possessed the right-of-way over Defendant's vehicle as she attempted to turn left across the opposing lane of travel.

14.    At all times relevant hereto, Plaintiff Harry Costello was lawfully operating his motorcycle in a manner fully consistent with all applicable traffic laws and was entitled to the full and equal use of the roadway.

15.    The roadway where the collision occurred contained one lane of travel in each direction separated by a solid double yellow centerline with a posted speed limit of approximately 45 miles per hour.

16.    At the same time, Defendant was operating a motor vehicle traveling northbound on Georgetown Road.

17.    Defendant approached a driveway located at 1880 Georgetown Road and attempted to make a left turn across the southbound lane of travel.

18.    Defendant entered Plaintiff's lane of travel directly into the path of Plaintiff's approaching motorcycle.

19.    The stretch of Georgetown Road where the collision occurred provided a clear and unobstructed view of oncoming southbound traffic for a substantial distance, such that Plaintiff's motorcycle was visible to motorists exercising reasonable care prior to Defendant initiating her left turn.

20.    Despite the presence of plainly visible oncoming traffic, Defendant proceeded to execute the left turn across Plaintiff's lane of travel.

4

21.    Plaintiff had no opportunity to avoid the collision.

22.    Plaintiff's motorcycle struck Defendant's vehicle.

23.    Plaintiff was thrown from the motorcycle approximately ten feet from the point of impact.

24.    Plaintiff sustained catastrophic injuries and required emergency helicopter transport from the scene.

25.    It is believed and therefore averred, that Defendant, with an unobstructed view of the roadway, either saw or should have seen Plaintiff's motorcycle approaching in sufficient time to avoid the collision.

26.    As a direct and proximate result of Defendant's negligent conduct, Plaintiff Harry Costello sustained severe, permanent, and life-altering injuries including, but not limited to:

    a. **Brain and Head Injuries**
- Traumatic brain injury
- Diffuse axonal injury
- Subarachnoid hemorrhage
- Subdural hygroma
- Nasal fracture and complex facial injuries

    b. **Spinal Injuries**
- Multiple cervical spine fractures
- Thoracic spine fractures
- Lumbar spine fractures

    c. **Orthopedic Injuries**
- Right femoral neck fracture requiring hip arthroplasty
- Right tibia and fibula fractures
- Open distal radius fracture

    d. **Internal Injuries**
- Adrenal hemorrhage

- Retroperitoneal hemorrhage

27. Plaintiff required extensive surgeries including multi-level spinal fusion and multiple orthopedic surgical procedures.

28. Plaintiff has suffered severe pain, disability, emotional distress, and loss of life's pleasures.

29. Plaintiff has incurred substantial medical expenses and will require ongoing care in the future.

30. Plaintiff's injuries are permanent in nature and Plaintiff will continue to experience pain, disability, and loss of life's pleasures for the remainder of his natural life.

31. Plaintiff will require continuing medical treatment, rehabilitation, and assistance with activities of daily living for the foreseeable future.

32. Prior to the collision, Plaintiffs Harry and Kathy Costello lived independently and relied upon each other for the ordinary assistance, companionship, and support that accompany a long-standing marital relationship.

### **<u>COUNT I</u>**
### **<u>NEGLIGENCE</u>**
### **<u>HARRY COSTELLO V. ALIX A. JAMES</u>**

33. Plaintiffs incorporate herein by reference the allegations set forth in the paragraphs above as if fully set forth at length below.

34. Defendant owed a duty to operate her motor vehicle with reasonable care.

35. Defendant breached that duty, and was therefore, negligent by:

a. Failing to yield the right-of-way;

b. Turning left across oncoming traffic when unsafe;

c. Failing to maintain proper lookout;

d. Failing to keep her vehicle under proper control

e. Entering Plaintiff's lane of travel when it was unsafe to do so;

f. Operating her vehicle carelessly and negligently;

g. Turning left across the southbound lane directly into the path of Plaintiff's motorcycle, in violation of Pennsylvania Motor Vehicle Code Section 75 Pa. C.S. §3322, which constitutes negligence *per se*.

Wherefore, Plaintiff, Harry Costello, respectfully requests judgment against Defendants on the above negligence count as follows:

a. Compensatory damages to Plaintiff Harry Costello for past and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries, healthcare costs, medical monitoring together with all interest and costs as provided by the law;

b. All such other and further relief as provided under the law; and

7

c.    Such other and further relief as this Court deems just and proper.

## COUNT II
## LOSS OF CONSORTIUM
## KATHY COSTELLO V. ALIX A. JAMES

36.    Plaintiffs incorporate herein by reference the allegations set forth in the paragraphs above as if fully set forth at length below.

37.    Plaintiff Kathy Costello is the lawful wife of Plaintiff Harry Costello.

38.    As a direct and proximate result of Defendant's negligence and the injuries sustained by Harry Costello, Kathy Costello has been, and may in the future be, deprived of the services, care, companionship, consortium, and affection of her husband, all of which will be to her great detriment and loss.

Wherefore, Plaintiff, Kathy Costello, respectfully requests judgment against Defendants on the above loss of consortium count as follows:

a.    Compensatory damages to Plaintiff Kathy Costello for loss of consortium with all interest and costs as provided by the law;

b.    All such other and further relief as provided under the law; and

c.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MARZZACCO INJURY LAW**

Date: <u>March 30, 2026</u>    BY:    <u>*/s/ Christpher J. Marzzacco*</u>
                                     Christopher J. Marzzacco, Esquire
                                     *Counsel for Plaintiffs*

8